IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW AND
WRONGFUL DEATH BENEFICIARIES
OF JONATHAN SANDERS, DECEASED                                     PLAINTIFFS

V.                                CIVIL ACTION NO. 2:16cv101-KS-MTP

KEVIN HERRINGTON, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; CITY OF STONEWALL;
STONEWALL POLICE DEPARTMENT; BOARD OF
ALDERMEN IN THEIR OFFICIAL CAPACITIES;
AND JOHN DOES 1-10                                                DEFENDANTS

---

**PLAINTIFFS' ORIGINAL COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

---

COMES NOW the Plaintiffs, Kayla Clark, Administratrix and on behalf of all heirs at law and wrongful death beneficiaries of Jonathan Sanders, deceased, and files this Complaint against the Defendants Kevin Herrington, in his official and personal capacities; City of Stonewall; Stonewall Police Department; Board of Aldermen, in their official capacities; and John Does 1-10. In support thereof, Plaintiffs would respectfully show unto the Court the following, to-wit:

### I. PARTIES

1. Plaintiff Kayla Clark is an adult resident citizen of Clarke County, Mississippi who resides at 2045 County Road 360, Enterprise, MS 39330. Plaintiff Kayla Clark brings this suit in

the capacity as Administratrix and in a representative capacity on behalf of all heirs at law and wrongful death beneficiaries of Jonathan Sanders, deceased.

2. Defendant Kevin Herrington, in his official and personal capacities, upon information and belief is a resident of the State of Mississippi and is/was a police officer in the city of Stonewall, Mississippi. Upon information and belief Defendant Kevin Herrington may be served with process at his place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

3. Defendant City of Stonewall is a municipality and may be served with process through Glen Cook, the Mayor in the City of Stonewall, Mississippi. Upon information and belief Defendant Glen Cook may be served with process at his place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

4. Defendant Stonewall Police Department may be served with process through Michael Street, the Chief of Police at his place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

5. Defendant Board of Aldermen in their official capacities may be served with process their place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

6. Defendants John Does 1-10 are person and/or entities whose identities are currently unknown to Plaintiff. These persons and/or entities include, but are not limited to, any and all persons who are liable to Plaintiff for the actions and/or inactions complained of herein.

## II. JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343; 28 U.S.C. § 1331; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. 2000e, and et seq. Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of

the same course of conduct giving rise to the principal claims of the Plaintiffs as herein stated. This court has jurisdiction over both parties and the subject matter of this suit.

### III. VENUE

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

### IV. NOTICE OF CLAIMS

9. In correspondence dated October 23, 2015 Plaintiffs, by and through counsel caused to be filed and delivered by certified U.S. mail to Board of Aldermen., Attn: Legal Department, 801 Erwin Road Stonewall, Mississippi 39363; City of Stonewall, Mississippi, Attn: Glen Cook, The Mayor of Stonewall, Mississippi, 801 Erwin Road Stonewall, Mississippi 39363; Stonewall Police Department, Attn: Michael Street Chief of Police, 801 Erwin Road Stonewall, Mississippi 39363; A Notice of Claim letter regarding the act(s) and/or omission(s) set forth herein. 42 U.S.C. § 1983, 42 U.S.C. § 1985, Miss Code Ann. § 11-46-11 and any and all applicable state or federal common law cause(s) of action. A copy of this letter and certified returns of service is incorporate herein by referenced and attached as "Exhibit A." To date, no one has responded in writing. Plaintiff submits that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

### V. FACTS

10. Plaintiffs incorporate and restate by reference herein all allegations set forth above.

11. At all pertinent time, Jonathan Sander was a United State Citizens.

12. On or about July 8, 2015, Jonathan Sanders was lawfully riding in a buggy drawn by a horse.

13. Officer Kevin Herrington followed Mr. Sanders.

14. Without probable cause, Kevin Herrington turned on his patrol lights in his car to stop Mr. Sanders.

15. The police lights startled the horse causing the horse to rear up and toss Mr. Sanders from the buggy.

16. Kevin Herrington did not have an arrest warrant.

17. Officer Herrington grabbed Mr. Sanders and applied a chokehold on Mr. Sanders for several minutes (approximate 20 to 30).

18. Kasey Herrington, the wife of Kevin Herrington (or his lady companion), was instructed to grab the officer's gun.

19. Kevin Herrington malevolent refused to stop strangling Mr. Sanders.

20. Kevin Herrington maliciously prevented Mr. Sanders from getting any medical attention.

21. Officer Herrington used excessive force in this situation.

22. Sometime thereafter, Mr. Sanders died as a result of this violent attack.

23. On the said day, Kevin Herrington never found cocaine on Jonathan Sanders.

24. At all pertinent time, no city, neither county, nor state agency or official found cocaine on Jonathan Sanders.

25. As of the date of this complaint, no city, county, or state agency nor official have turn in any cocaine to the Mississippi Crime Lab.

26. As of the date of this complaint, no city, county, or state agency or official have turn in any cocaine to any lab for testing.

27. At the time of autopsy performed by State pathologist, no pictures of cocaine were turned in as part of the autopsy.

28. At the time of his death, Mr. Sanders was only thirty nine (39) years old.

## VI. <u>FOURTH AMENDMENT-UNLAWFUL SEARCH AND SEIZURE</u>

29. Plaintiffs incorporate and restate by reference herein all allegations set forth above.

30. Defendants exercising their position of authority and acting under the color of state law in their capacity as public officials and/or representatives of the City of Stonewall and Stonewall Police Department conducted a search and/or seizure when Defendant Officers arrested Jonathan Sanders and proceeded to physically assault Mr. Sanders.

31. Defendant officers, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Stonewall and the Stonewall Police Department, unlawfully subjected Jonathan Sanders to excessive and unnecessary force by Officer Kevin Herrington when:

(a.) when he violently threw Jonathan Sanders down on the ground;

(b.) and applied a choke hold as Jonathan Sanders was on the ground hindering his ability to breathe causing him lose consciousness and eventually died.

32. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## VII. <u>VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983</u>

33. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

34. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to:

(a.) the right to be free from unreasonable searches and seizures;

(b.) the right not to be deprived of life without due process of law; and

(c.) the right not to be deprived of liberty without due process of law.

35. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the murder (death) of Jonathan Sanders.

36. The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

37. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## VIII. <u>EXCESSIVE USE OF FORCE</u>

38. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

39. Defendant, Kevin Herrington (police officer), exercising his position of authority and acting under the color of state law in his capacity as public official and representatives of the City of Stonewall and Stonewall Police Department, unlawfully subjected Jonathan Sanders to excessive and unnecessary force when:

    (a.)    Kevin Herrington did not have a warrant to arrest Jonathan Sanders;

    (b.)    Kevin Herrington did not have probable cause to stop and detain Mr. Sanders;

    (c.)    While encountering no resistance from Jonathan Sanders, Kevin Herrington forcefully threw Jonathan Sanders down on the ground;

    (d.)    Defendant Officer placed his arms around Jonathan Sanders' neck hindering Mr. Sanders' ability to breath;

40. Jonathan Sanders was at no time posing any threat to Defendant Officer or any other person.

41. Mr. Sanders was not attempting to escape when he was violently thrown on the ground being physically assaulted.

42. Mr. Sanders was not posing any threat to Defendant Officers when he was lying on the ground begging for life until he was unconscious.

43. Mr. Sanders was not posing any threat to Defendant Officers when he was lying on the ground begging for life until his death.

44. The physical assault on Jonathan Sanders by Defendant Officer was in violation of Jonathan Sanders's constitutionally protected rights under the Fourth and Fourteenth

Amendments of the United States Constitution. As a direct and proximate result of the actions of the Defendants, Jonathan Sander suffered injuries that resulted in his death.

45. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## IX. **NEGLIGENT HIRING, FAILURE TO TRAIN, SUPERVISE AND/OR DISCIPLINE**

46. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

47. Defendants were negligent in hiring Kevin Herrington.

48. Defendants had a duty to evaluate and check prior behavior of Kevin Herrington before they hired him.

49. Defendants had a duty to adequately train, supervise, and evaluate Defendant Kevin Herrington.

50. Defendants breached their duties by hiring Kevin Herrington.

51. Defendants breached their duties when they failed to adequately train, supervise and/or evaluate Defendant Kevin Herrington in the areas of use of excessive force, search and seizure, and arrest procedure which were the direct cause of the injuries and death to Jonathan Sanders.

52. It was foreseeable that the failures to adequately train, supervise, evaluate and discipline Kevin Herrington, who exhibit blatant and deliberate disregard for the constitutional rights of Mississippi citizens would cause injury or death to those citizens.

53. Such deliberate indifference and reckless disregard directly resulted in Jonathan Sanders injuries and death. Defendant Officers' improper use of force violates the constitutional rights of those citizens the officer encounter. Defendants therefore exhibited reckless disregard for and deliberate indifference to Jonathan Sanders.

54. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983 and/or Mississippi Tort Claim Act, along with attorneys' fees and costs pursuant to U.S.C. § 1988 and any other relief afforded under the law.

## X. TORT OF OUTRAGE

55. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

56. The actions of Defendant Officers against Jonathan Sanders as previously set out herein, severally and in their totality are so extreme and outrageous in nature as to shock the conscience of the community.

57. The actions of Defendant Officer were willful, malicious, and intentional as to inflict terror and trauma upon a Clarke County citizen.

58. The emotional distress caused by the Defendant Officer was so severe that no reasonable person could or should be expected to endure it.

59. Defendant Officer, exercising his position of authority and acting under the color of state law in his capacity as public officials and representatives of the City of Stonewall and Stonewall Police Department, unlawfully subjected Jonathan Sanders to excessive and unnecessary force by officer when:

(a.) Officer Herrington grabbed Mr. Sanders and applied a chokehold on Mr. Sanders for several minutes (approximate 20 to 30).

(b.) Kevin Herrington malevolent refused to stop strangling Mr. Sanders.

(c.) Kevin Herrington maliciously prevented Mr. Sanders from getting any medical attention.

60. Defendant Officer use excessive and unnecessary force resulting in Mr. Sanders' death.

61. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, these Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

62. Plaintiffs are also entitled to damages pursuant to Mississippi Tort Claim Act and/or attorneys' fees and costs pursuant to U.S.C. § 1988.

## XI. DELIBERATE INDIFFERENCE

63. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

64. Defendant City of Stonewall, Defendant Stonewall Police Department, and others defendants have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of its officers that has resulted in a reputation of excessive use of force and violent behavior in the community causing citizens to be fearful for their safety and well-being.

65. Through their acts and omissions they are engaging in a pattern of practice of systemic deficiencies that has resulted in excessive force by Stonewall Police Officers depriving Citizens of rights, privileges, and immunities secured or protected by the U.S. Constitution, the laws of the United States and the Mississippi Constitution.

66. These systemic deficiencies include, but are not limited to:

(a.) failing to implement policies, procedures and practices regarding use of force that appropriately guide and monitor the actions of Stonewall Police Officers;

(b.) failing to train Stonewall Police officers adequately to prevent the occurrence of misconduct;

(c.) failing to supervise Stonewall Police Officers adequately to prevent the occurrence of misconduct;

(d.) failing to give adequate emergency medical training to Stonewall Police Officers;

(e.) failing to adequately investigate incidences of use of excessive force by Stonewall Police Officers;

(f.) failing to adequately discipline officers who engage in misconduct;

(g.) failing to maintain proper arrest procedures regarding Citizens.

67. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## XII. ASSAULT AND BATTERY

68. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

69. Defendant Officer Kevin Herrington, exercising his position of authority and acting under the color of State Law in his capacity as public official, representatives of the City of Stonewall and Stonewall Police Department, assaulted Jonathan Sanders by intentionally and unlawfully offering to touch Jonathan Sanders in such a rude and angry manner as to create in the mind of a reasonable person a well-founded fear of imminent harm.

70. This was coupled with an apparent ability by Defendant Officer Kevin Herrington to effectuate the attempt by grabbing Jonathan Sanders, violently throwing him to the ground, and applying a choke hold.

71. Defendant Officer Kevin Herrington physically assaulted Jonathan Sanders by intentionally and unlawfully offering to touch him by grabbing Mr. Sanders and choking him until he lost consciousness and eventually died.

72. The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

73. The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### XIII. NEGLIGENCE

74. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

75. At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically,

Kevin Herrington possessed the duty to keep Jonathan Sanders and others reasonably safe, to avoid reasonable harm to Mr. Sanders, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. Defendants breached their duty of care by not keeping Mr. Sanders reasonably safe.

76. Further, the Defendants (individually, jointly, and severally) possessed a duty of reasonable and/or ordinary care while a person is in their custody and care.

77. Specifically, all Defendants owed a duty to the people entrusted to their custody and care to maintain their safety, health and well-being, both physical and psychological.

78. The duty owed by all Defendants to the Plaintiffs, to use reasonable and/or ordinary care while a person is in their custody and care, included but was not limited to the following affirmative duties:

(a.) to protect and safeguard citizen from assault, attacks and batteries caused by officers, employees, or agents to make reasonable efforts to keep citizens safe;

(b.) to avoid actively harming citizens;

(c.) to prevent injustice and abuse;

(d.) to obey the laws of the State of Mississippi and the United States of America;

(e.) to implement adequate and appropriate policies and procedures to prevent abusive and illegal practices.

79. Defendants breached said duties by the following:

(a.) failure to protect and safeguard citizen from assault, attacks and batteries caused by officers, employees, or agents to make reasonable efforts to keep citizens safe;

(b.) failure to avoid actively harming citizens;

(c.) failure to prevent injustice and abuse;

(d.) failure to obey the laws of the State of Mississippi and the United States of America;

(e.) failure to implement adequate and appropriate policies and procedures to prevent abusive and illegal practices.

80. As a direct and proximate result of the said breaches of the Defendants, plaintiffs have suffered actual and compensatory damages. Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983and/or Mississippi Tort Claim Act, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

81. The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

### XIV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

83. The act(s) and/or omission(s) of the Defendants on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

84. The negligent conduct perpetrated upon Jonathan Sanders was awful, traumatic, and disturbing events, which caused the Plaintiffs to suffer serious emotional anguish.

85. The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## XV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

87. The acts and conduct of all Defendants herein, by and through their employee-agents and described herein, were done willfully, maliciously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiffs. Such acts were extreme, outrageous and done in reckless disregard of the probability of causing the Plaintiffs emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

88. The Defendants had a responsibility to oversee and control the conduct of their employees, specifically a duty to act upon complaints such as the ones detailed herein. Defendants breached their duty through their repeated failures to act upon such complaints.

89. As a direct and proximate result of the Defendants' acts alleged herein, the Plaintiffs were caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, fear, nervousness, and anxiety. The Plaintiffs continues to suffer the emotional effects of being subjected to the incidents detailed herein.

90. The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

## XVI. WRONGFUL DEATH

91. Plaintiff incorporates by reference paragraphs 1 through 78 of the Complaint as if fully set out herein.

92. Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Mr. Sanders' death was caused by the tortious acts by the Defendants. Therefore, Mr. Sanders' estate should be able to maintain an action and recover damages from the Defendants.

## XVII. RESPONDEAT SUPERIOR

93. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

94. Upon information and belief Officer Kevin Herrington was employee(s), servant(s), and/or agent(s) of the Stonewall Police Department. Thus, the principal Defendants are vicariously liable for the actions of their employee(s), servant(s), and/or agent(s) under the doctrine of Respondeat Superior.

## XVIII. AGENCY

95. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein.

96. At the times material hereto, Defendant Kevin Herrington a member of the Stonewall Police Department was in the course and scope of his employment with and acted in furtherance of the interest of the Stonewall Police Department.

97. Defendant, Officer Kevin Herrington was an apparent agent acting within his actual or apparent authority of The Stonewall Police Department; therefore, Defendants are liable for the actions of its employee(s) statutory employee(s)/agent(s).

## XIX. GROSS NEGLIGENCE

98. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

99. The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Jonathan Sanders.

100. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Mr. Sanders herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiff is entitled to the recovery of punitive damages.

101. At the time and on the occasion in question, Defendants John Does 1-10 were individuals whose identities are currently unknown to the Plaintiff. Upon information and belief these unknown individuals, in addition to the named Defendants, were present at the scene where Mr. Sanders was killed, or were a contributing cause of the incident and the resulting damages to the Mr. Sanders, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

## XX. DAMAGES

102. Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

103. Wherefore the Plaintiff, Kayla Clark, Administratrix and on behalf of the heirs at law and wrongful death beneficiaries of Jonathan Sanders, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Jonathan Sanders, prays for judgment against Defendants, as follows:

(a.) For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

(b.) For all general and special damages caused by the alleged conduct of Defendants;

(c.) For the costs of litigating this case;

(d.) For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

(e.) For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

(f.) Plaintiffs reserve the right to amend and state further with respect to their damages.

## XXI. RIGHT TO AMEND PURSUANT TO MISS. AND FEDERAL R. CIV. P. 15

104. Pursuant to Rule 15 of the Mississippi and Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional Defendants should later facts establish that others are liable herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and

the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This the 28th day of June, 2016.

Respectfully submitted,

**KAYLA CLARK, ADMINISTRATRIX AND ON BEHALF OF ALL HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF JONATHAN SANDERS, DECEASED**

By: _____
Toney A. Baldwin, Esq.

Of Counsel:

TONEY A. BALDWIN (MSB# 102161)
BALDWIN & BALDWIN, PLLC
748 N. President Street (39202)
Post Office Box 3199
Jackson, Mississippi 39207
Telephone: (601) 960-4533
Facsimile: (601) 960-9097