UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW AND
WRONGFUL DEATH BENEFICIARIES
OF JONATHAN SANDERS, DECEASED                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 2:16-CV-101-KS-MTP

KEVIN HERRINGTON, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; CITY OF STONEWALL;
STONEWALL POLICE DEPARTMENT; BOARD OF
ALDERMEN IN THE OFFICIAL CAPACITIES;
AND JOHN DOES 1-10                                                DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

COME NOW, Defendants, Kevin Herrington, in his official and personal capacities, Town of Stonewall, Stonewall Police Department, and Board of Aldermen in their Official Capacities ("Defendants"), through counsel and respond to Plaintiffs' Original Complaint ("the Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against these Defendants and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendants affirmatively plead the following affirmative defenses: insufficiency of process and insufficiency of service of process. The Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

Defendants possess absolute immunity and/or sovereign immunity and/or judicial or quasi-

judicial immunity herein from suit and/or liability and/or damages on the state law or federal law claims.

**FOURTH DEFENSE**

Defendants did not breach any duty owed to the Plaintiff or Jonathan Sanders, nor did they violate any right or privilege of the Plaintiff or Jonathan Sanders, and therefore, are not liable in damages.

**FIFTH DEFENSE**

Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff or Jonathan Sanders and therefore are not liable in damages.

**SIXTH DEFENSE**

As a matter of law, the Plaintiff is not entitled to any relief from Defendants.

**SEVENTH DEFENSE**

At all times, Defendants acted in good faith and pursuant to a reasonable law enforcement interest toward Jonathan Sanders and Plaintiff; the Defendants are, therefore, immune from suit.

**EIGHTH DEFENSE**

At no time did any of the Defendants act with deliberate indifference to any right or privilege guaranteed Plaintiff or Jonathan Sanders by the United States Constitution.

**NINTH DEFENSE**

At no time did any of the Defendants act with reckless disregard toward Plaintiff or Jonathan Sanders.

**TENTH DEFENSE**

No Defendant may be held vicariously liable for any alleged act or omission of any other defendant or person under the circumstances in which Plaintiff's allegations are based.

**ELEVENTH DEFENSE**

To the extent that the Plaintiff seeks relief pursuant to various state law claims in this case,

Defendants are entitled to all rights, immunities and privileges contained in the Mississippi Tort Claims Act which is found at Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, all exemptions from liability set forth in said Act, the notice of claim requirement set forth in said Act, the limitations on liability set forth in said Act, as well as the fact that Plaintiff is not entitled to a jury trial pursuant to said Act.

## TWELFTH DEFENSE

The individual Defendants are entitled to and do hereby claim qualified immunity under the fact and circumstances of this case.

## THIRTEENTH DEFENSE

No Defendant herein can be held liable under the doctrine of respondeat superior.

## FOURTEENTH DEFENSE

At all times, the Defendants' actions were in compliance with and in furtherance of compelling state interest and proper law enforcement procedures.

## FIFTEENTH DEFENSE

It is denied that the Plaintiff, or Jonathan Sanders, was deprived of any right or privilege guaranteed to him under the Constitution and Law s of the United States, including but not limited to the Fourth Amendment, the Fifth Amendment, the Eighth Amendment or Fourteenth Amendment to such Constitution and 42 U.S.C. § 1983, or under the Constitution and Laws of the State of Mississippi, as a result of any act or omission of the Defendants. Therefore, each and every allegation of the Complaint to the contrary is denied.

## SIXTEENTH DEFENSE

The Plaintiff's claims are frivolous and should therefore be dismissed.

## SEVENTEENTH DEFENSE

Defendants are entitled to, and plead, the defense of good faith immunity.

## EIGHTEENTH DEFENSE

The Defendants no answer the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph of the Complaint appears to require no response from the Defendants. However, to the extent that a response is required, the Defendants deny the Plaintiff's allegations to the extent that the Plaintiff seeks to impose liability upon them.

## PARTIES

1. The Defendants are without sufficient information or knowledge to form a belief as to truth of Plaintiff's allegations in Paragraph 1 of the Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The Plaintiff's allegations in Paragraph 6 do not apply to the Defendants.

## JURISDICTION

7. The Defendants do not question the jurisdiction of the Court; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law. In all other respects, the Plaintiff's allegations in Paragraph 7 of the Complaint are denied.

## VENUE

8. The Defendants do not question the venue of the Court; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law. In all other respects, the Plaintiff's allegations in Paragraph 8 are denied.

## NOTICE OF CLAIMS

9. Denied as phrased.

## FACTS

10. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 10" as set forth above as though set forth here.

11. Defendants are without sufficient information and knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 11 of the Complaint.

12. Denied as phrased.

13. It is admitted that Kevin Herrington followed Mr. Sanders to investigate a crime, to the extent Paragraph 13 seeks to impose liability on Defendants it is denied.

14. Denied, Officer Kevin Herrington had valid probable cause to stop Mr. Sanders and investigate a crime.

15. Denied.

16. To the extent Paragraph 16 seeks to impose liability on Defendants it is denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendants are without sufficient information and knowledge to form a belief as to the truth of the Plaintiff's allegations in Paragraph 25 of the Complaint. To the extent Paragraph 25 seeks to

impose liability on Defendants it is denied.

26. Defendants are without sufficient information and knowledge to form a belief as to the truth of the Plaintiff's allegations in Paragraph 26 of the Complaint. To the extent Paragraph 26 seeks to impose liability on Defendants it is denied.

27. Defendants are without sufficient information and knowledge to form a belief as to the truth of the Plaintiff's allegations in Paragraph 27 of the Complaint. To the extent Paragraph 27 seeks to impose liability on Defendants it is denied.

28. Defendants are without sufficient information and knowledge to form a belief as to the truth of the Plaintiff's allegations in Paragraph 28 of the Complaint. To the extent Paragraph 28 seeks to impose liability on Defendants it is denied.

## FOURTH AMENDMENT-UNLAWFUL SEARCH AND SEIZURE

29. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 29" as set forth above as though set forth here.

30. It is admitted that Officer Kevin Herrington conducted a valid search of Mr. Sanders' person and performed a valid arrest of Mr. Sanders. Defendants specifically deny Officer Herrington physically assaulted Mr. Sanders.

31. Denied.

31.(a.) Denied.

31.(b.) Denied.

32. Denied.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

33. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 33" as set forth above as though set forth here.

34. Denied.

34.(a.)  Denied.

34.(b.)  Denied.

34.(c.)  Denied.

35.   Denied.

36.   Denied.

37.   Denied.

## EXCESSIVE USE OF FORCE

38.   Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 38" as set forth above as though set forth here.

39.   Denied.

39.(a).  Denied as phrased.

39.(b.)  Denied.

39.(c.)  Denied.

39.(d.)  Denied.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

## NEGLIGENT HIRING, FAILURE TO TRAIN, SUPERVISE AND/OR DISCIPLINE

46.   Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 46" as set forth above as though set forth here.

47.   Denied.

48. Denied as phrased.

49. Denied as phrased.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## TORT OF OUTRAGE

55. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 55" as set forth above as though set forth here.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

59.(a.) Denied.

59.(b.) Denied.

59.(c.) Denied.

60. Denied.

61. Denied.

62. Denied.

## DELIBERATE INDIFFERENCE

63. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 63" as set forth above as though set forth here.

64. Denied.

65. Denied.

66. Denied.

66.(a.) Denied.

66.(b.) Denied.

66.(c.) Denied.

66.(d.) Denied.

66.(e.) Denied.

66.(f.) Denied.

66.(g.) Denied.

67. Denied.

## ASSAULT AND BATTERY

68. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 68" as set forth above as though set forth here.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## NEGLIGENCE

74. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 74" as set forth above as though set forth here.

75. Denied.

76. Denied as phrased.

77. Denied as phrased.

78. Denied.

78.(a.) Denied as phrased.

78.(b.) Denied as phrased.

78.(c.) Denied as phrased.

78.(d.) Denied as phrased.

78.(e.) Denied as phrased.

79. Denied.

79.(a.) Denied.

79.(b.) Denied.

79.(c.) Denied.

79.(d.) Denied.

79.(e.) Denied.

80. Denied.

81. Denied.

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

82. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 82" as set forth above as though set forth here.

83. Denied.

84. Denied.

85. Denied.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

86. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 86" as set forth above as though set forth here.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## WRONGFUL DEATH

91. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 91" as set forth above as though set forth here.

92. Denied.

## RESPONDEAT SUPERIOR

93. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 93" as set forth above as though set forth here.

94. Denied.

## AGENCY

95. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 95" as set forth above as though set forth here.

96. Denied.

97. Denied.

## GROSS NEGLIGENCE

98. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 98" as set forth above as though set forth here.

99. Denied.

100. Denied.

101. Denied.

## DAMAGES

102. Defendants incorporate all of the answers to the allegations of Paragraphs "1 through 102" as set forth above as though set forth here.

103.     Denied.

103.(a.)     Denied.

103.(b.)     Denied.

103.(c.)     Denied.

103.(d.)     Denied.

103.(e.)     Denied.

103.(f.)     Denied.

## RIGHT TO AMEND PURSUANT TO MISS. AND FEDERAL R. CIV. P. 15

104.    Denied as phrased.

The unnumbered paragraph that begins "WHEREFORE, PREMISES CONSIDERED", and all relief requested therein is denied.

## NINETEENTH DEFENSE

Plaintiff failed to provide adequate notice pursuant to Miss. Code Ann. § 11-46-1 *et seq.*. Therefore, her state law claims against Defendants are barred and should be dismissed.

## TWENTIETH DEFENSE

Alternatively, Plaintiff failed to mitigate her alleged damages, and Defendants affirmatively plead that, to the extent Plaintiff failed to mitigate her damages, she is barred from recovery.

## TWENTY-FIRST DEFENSE

Alternatively, the actions of others over whom the Defendants have no control and for whose acts and omissions the Defendants are not responsible, may have constituted the sole proximate cause or contributing cause of the incident referred to in the Complaint, which is denied, and any alleged damages

of suffered by Plaintiff.

### TWENTY-SECOND DEFENSE

Alternatively, the incident(s) in question and any alleged injuries or damages resulted from the acts or omission of persons or entities other than these Defendants for which these Defendants are in no way responsible or liable. Alternatively, said acts or omissions of persons or entities other than the Defendants constitute an independent, superseding cause for which the Defendants are in no way responsible or liable.

### TWENTY-THIRD DEFENSE

The Defendants may not be held vicariously liable for any alleged act or omission of any person under the circumstances in which Plaintiff's allegations are based.

### TWENTY-FOURTH DEFENSE

The Defendants invoke the provisions of Miss. Code Ann. § 85-5-7 and assert all defenses, rights, privileges, and immunities to which it is entitled thereunder.

### TWENTY-FIFTH DEFENSE

Alternatively, Defendants affirmatively assert that the Plaintiff's claims are barred in whole or in part by contributory negligence and/or comparative fault.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TWENTY-SEVENTH DEFENSE

At all times, the Defendants acted reasonably and in good faith reliance upon then existing law and are therefore entitled to qualified and/or absolute and/or judicial or quasi-judicial immunity for any and all state and federal law claims alleged herein.

### TWENTY-EIGHTH DEFENSE

The Defendants are immune from liability as to each and every alleged state law claim, if any,

pursuant to exemptions set forth in Miss. Code Ann. § 11-46-9, as amended, including but not limited to § 11-46-9(1)(a), (b), (c), (d), (f), (j), and (m) of the Mississippi Code.

**TWENTY-NINTH DEFENSE**

Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, as codified, and accordingly, this action must be dismissed.

**THIRTIETH DEFENSE**

The Defendants complied with all applicable standards of care and at all times acted objectively reasonable.

**THIRTY-FIRST DEFENSE**

The Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Civil Justice Reform Act and Mississippi Tort Reform Act, as codified in the Mississippi Code.

**THIRTY-SECOND DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to Miss. Code Ann. § 15-1-35, entitled "Actions for Certain Torts".

**THIRTY-THIRD DEFENSE**

The Plaintiff's claims, or some of them, are barred by the U.S. Supreme Court's decision in Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978).

**THIRTY-FOURTH DEFENSE**

Defendants acted at all times reasonably and did not violate any protected right of Plaintiff or Jonathan Sanders.

**THIRTY-FIFTH DEFENSE**

Plaintiff is barred from recovering from Defendants, to the extent the facts reveal that Jonathan

Sanders was engaged in illegal activity at the time of the incident.

## THIRTY-SIXTH DEFENSE

Defendants did not violate Plaintiff's or Jonathan Sanders' right to equal protection under the law, or due process of the law.

## THIRTY-SEVENTH DEFENSE

Defendants specifically deny the use of excessive force against Jonathan Sanders or Plaintiff.

## THIRTY-EIGHTH DEFENSE

The facts not having been fully developed, the Defendants affirmatively plead the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, failure to mitigate damages, contributory negligence, statute of limitations, discharge in bankruptcy, duress, estoppel, failure of consideration, laches license, payment, release, injury by fellow servant, res judicata, collateral estoppel, judicial estoppel, statute of frauds, waiver, improper venue, lack of subject matter jurisdiction, inadequate notice, absolute immunity, qualified immunity, or any other matter constituting an avoidance or affirmative defense under either state or federal law.

## THIRTY-NINTH DEFENSE

Defendants reserve the right to affirmatively plead any and all other defenses and affirmative defenses available to them which may become applicable through discovery and during the trial of this cause.

## FORTIETH DEFENSE

Plaintiff's claims, or some of them, may be barred in whole or in part by virtue of absolute legislative immunity.

## FORTY-FIRST DEFENSE

Defendants invoke the procedural and substantive aspects of Miss. Code Ann. § 11-1-65.

## FORTY-SECOND DEFENSE

The imposition of punitive and several liability for punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

## FORTY-THIRD DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## FORTY-FOURTH DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## FORTY-FIFTH DEFENSE

The Plaintiff's claim for punitive damages is barred as a matter of state and federal law.

## FORTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages is barred by the applicable statute of limitations.

## FORTY-SEVENTH DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

## FORTY-EIGHTH DEFENSE

To the extent it seeks punitive damages, the Complaint violates Sections Sixteen and Seventeen of the Mississippi Constitution.

## FORTY-NINTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi

Constitution because the standards of liability for punitive damages in Mississippi are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**FIFTIETH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because Mississippi's post-verdict review procedures for scrutinizing punitive damages verdicts do not provide a meaningful constraint on the discretion of injuries to impose punishment.

**FIFTY-FIRST DEFENSE**

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**FIFTY-SECOND DEFENSE**

The Younger abstention doctrine may serve as a bar, or to stay, some or all of Plaintiff's claims.

**FIFTY-THIRD DEFENSE**

To the extent some or all of Plaintiff's claims could be construed as collateral attacks on any decisions or orders of Mississippi state courts, those claims are barred by the Rooker-Feldman doctrine.

**FIFTY-FOURTH DEFENSE**

Plaintiff's claims for punitive damages, attorney's fees, interest, and costs are barred by Section 11-46-15(2) of the Mississippi Code.

**FIFTY-FIFTH DEFENSE**

The purported Estate of Jonathan Sanders did not receive adequate authority to file this lawsuit, and therefore it should be dismissed.

NOW, having fully answered the allegations off Plaintiff's Complaint and having set forth their defenses thereto, these Defendants move this Court to dismiss the Plaintiff's Complaint with prejudice at Plaintiff's cost, and for an award of attorney fees and expenses pursuant to 42 U.S.C. § 1988.

Respectfully submitted this the 19th day of August, 2016.

        KEVIN HERRINGTON, IN HIS OFFICIAL AND
        PERSONAL CAPACITIES; CITY OF STONEWALL;
        STONEWALL POLICE DEPARTMENT; BOARD OF
        ALDERMEN IN THE OFFICIAL CAPACITIES;
        AND JOHN DOES 1-10

BY:   */s/ J. Richard Barry*
        J. RICHARD BARRY (MSB No. 2077)
        JAMES C. "CORY" GRIFFIN (MSB No. 104566)
        BARRY THAGGARD MAY & BAILEY, LLP
        P. O. Box 2009
        Meridian, MS 39302-2009
        (601)693-2393
        barry@btmblaw.com
        griffin@btmblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Toney A. Baldwin
BALDWIN & BALDWIN, PLLC
P. O. Box 3199
Jackson, MS 39207

This the 19th day of August, 2016.

        */s/ J. Richard Barry*