UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW AND
WRONGFUL DEATH BENEFICIARIES
OF JONATHAN SANDERS, DECEASED                                            PLAINTIFFS

V.                                                     CIVIL ACTION NO. 2:16-CV-101-KS-MTP

KEVIN HERRINGTON, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; CITY OF STONEWALL;
STONEWALL POLICE DEPARTMENT; BOARD OF
ALDERMEN IN THE OFFICIAL CAPACITIES;
AND JOHN DOES 1-10                                                       DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BASED ON QUALIFIED IMMUNITY**

COME NOW, Defendants, Kevin Herrington, in his official and personal capacities, Town of Stonewall, Stonewall Police Department, and Board of Aldermen in their Official Capacities (collectively referred to hereinafter as "Defendants"), through counsel, in their individual and official capacities, and file this their 12(b)(6) Memorandum in Support of Motion to Dismissal Based on Qualified Immunity under state and federal law, and in support would show the Court the following:

**I.  INTRODUCTION**

The state and federal law claims urged against Defendants within the Complaint fail immediately, and only a straightforward application of well-settled legal principles is needed to reach dismissal. In the Complaint, Plaintiff urges fourteen (14) causes of action: (1) Fourth Amendment - Unlawful Search and Seizure; (2) Violation of Civil Rights Pursuant to 42 U.S.C. § 1983; (3) Excessive Use of Force; (4) Negligent Hiring, Failure to Train, Supervise and/or Discipline; (5) Tort of Outrage; (6) Deliberate Indifference; (7) Assault and Battery; (8)

Negligence; (9) Negligent Infliction of Emotional Distress; (10) Intentional Infliction of Emotional Distress; (11) Wrongful Death; (12) Respondeat Superior; (13) Agency; and (14) Gross Negligence.

Predictably, Plaintiff utilizes this civil suit as a means of seeking monetary damages from Defendants. Specifically, the Plaintiff requests that the Court enter judgment in her favor and against Defendants, and grant: "(a) for damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained; (b) for all general and special damages caused by the alleged conduct of Defendants; (c) for the costs of litigating this case; (d) for punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants for ever repeating such atrocities; and (e) for all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law." [See ECF No. 1].

All of the claims for relief levied against Defendants within the Complaint should be dismissed at this juncture. The legal doctrine of qualified immunity, along with the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1 et seq., bars all of Plaintiff's causes of action, both federal and state, asserted against all Defendants. Defendants have moved for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) for the reasons stated in the Motion to Dismiss and this Memorandum in Support.

## II. CONCISE FACTUAL BACKGROUND

Though Defendants dispute the Plaintiff's allegations, the factual background, as needed for the purposes of the instant memorandum in support of the Motion to Dismiss, is based solely on the pleadings and can be stated briefly. According to the Complaint, on or about July 8, 2015,

Jonathan Sanders was riding a horse-drawn buggy in Clarke County, Mississippi. [ECF No. 1, ¶ 12]. According to the Complaint, Defendant Town of Stonewall Police Officer Kevin Herrington "followed" Mr. Sanders. [ECF No. 1, ¶ 13]. Plaintiff then alleges that without probable cause or an arrest warrant, Kevin Herrington "turned on his patrol lights in his car to stop Mr. Sanders." [ECF No. 1, ¶¶ 14, 16].

Plaintiff next alleges that Herrington "applied a chokehold on Mr. Sanders for several minutes (approximate 20 to 30)." [ECF No. 1, ¶ 17]. The Complaint goes on to allege that "Kevin Herrington malevolent refused to stop strangling Mr. Sanders" and "maliciously prevented Mr. Sanders from getting any medical attention." [ECF No. 1, ¶¶ 19, 20]. Plaintiff alleges that Herrington "used excessive force". [ECF No. 1, ¶ 21]. On July 8, 2015, Jonathan Sanders died, at age thirty-nine (39). [ECF No. 1, ¶ 28].

On June 30, 2016, Plaintiff filed the instant case in the United States District Court for the Southern District of Mississippi, Eastern Division, against Defendants. [ECF No. 1]. Plaintiff has alleged fourteen (14) causes of action – both state and federal law claims – against the Stonewall Police Department, the Board of Aldermen for Stonewall, MS, and the Town of Stonewall (collectively referred to as "the Town of Stonewall") as well as the individual Town of Stonewall Police Officer Kevin Herrington. Defendants answered the Complaint on August 19, 2016. [ECF No. 2].

### III. FED. R. CIV. P. 12(B)(6) STANDARD

A party may assert the defense of "failure to state a claim upon which relief can be granted" by motion. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under this Federal Rule, a "complaint must allege 'sufficient factual matter, accepted as true, to state a claim that is

plausible on its face.'" *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hershey*, 610 F.3d at 245 (quoting *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949). Although a court must take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, this "tenet" is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In other words, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Patton v. Bryant*, No. 3:13-CV-485-DPJ-FKB, 2014 WL 36618, at *1 (S.D. Miss. Jan. 6, 2014) *reconsideration denied*, 2014 WL 457921 (S.D. Miss. Feb. 4, 2014) *and aff'd*, 584 F. App'x 242 (5th Cir. 2014). Defendant argue that all of Plaintiff's claims should be dismissed in favor of Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. ARGUMENT

**(a)     Plaintiff's state law claims should be dismissed against all Defendants based on the Mississippi Tort Claims Act, specifically, Miss. Code Ann. § 11-46-9(1)(c).**

Plaintiff has asserted fourteen (14) causes of action against Defendants, alleging breaches and tortious conduct under state law of Mississippi. Specifically, Plaintiff alleged: "Negligent Hiring, Failure to Train, Supervise and/or Discipline", "Tort of Outrage", "Deliberate Indifference", "Assault and Battery", "Negligence", "Negligent Infliction of Emotional Distress", "Intentional Infliction of Emotional Distress", "Wrongful Death", "Respondeat Superior", "Agency", and "Gross Negligence". [See ECF No. 1]. None of the allegations made with regard

-4-

to these causes of action defeat Defendants' sovereign and qualified immunity under the Mississippi Tort Claims Act.

To the extent that Plaintiff seeks to pursue claims under state law, all of those claims, are also barred. Mississippi Code § 11-46-1, *et. seq*. imposes restrictions upon the Plaintiff as pre-requisites to being entitled to offer evidence to support his claims which are founded on state law. The MTCA provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise of a suit. Miss. Code Ann. § 11-46-7(1); *L. W. v. McComb Separate Municipal School District*, 754 So.2d 1136 (Miss. 1999); *Lang v. Bay St. Louis/Waveland School District*, 746 So.2d 1234 (Miss. 1999). Any claim filed against a governmental entity and its employees must be brought under this statutory scheme.

The MTCA bars all of Plaintiff's causes of action asserted against Defendant Kevin Herrington, in his individual capacity. **There is no personal liability for individual defendants under the MTCA**.

Pursuant to the MTCA, an individual defendant cannot be held personally liable for acts occurring within the course and scope of his/her employment. *Bridges v. Pearl River Valley Water Supply District*, 793 So.2d 584, 590 (Miss. 2001); *Craddock v. Hicks*, 314 F.Supp. 2d 648, 654 (N.D. Miss. 2003). Section 11-46-7(2) is clear in that regard. *Id.* However, Section 11-46-5(2) provides that an employee is not considered to be acting within the scope of employment if the employee's conduct constituted fraud, malice, liable, slander, defamation or any other criminal offense other than traffic violations. Miss. Code Ann. § 11-46-5(2); *Pearl River Valley Water Supply District v. Bridges*, 878 So.2d 1013, 1018 (2004); *Bridges*, 793 So.2d at 590.

Of course in this case, Plaintiff alleges that all of the individual Defendant Kevin Herrington was at all time material to the allegations in the Complaint, acting in his capacity as a law enforcement officer and acting under color of state law. [See ECF No. 1]. **Kevin Herrington is therefore entitled to dismissal of Plaintiff's state law claims against them in their respective individual capacities**.

The Town of Stonewall is also protected from liability based on the MTCA in this case. Pursuant to Section 11-46-9 of the Mississippi Code of 1972 annotated as it relates to governmental entities and employees and their exemption from liability, the Town of Stonewall, Board of Aldermen, and Stonewall Police Department, as well as Kevin Herrington, as alleged in the Complaint, engaged in actions which constitute police protection and which do not arise to the level of reckless disregard. The relevant portion of the Mississippi Code of 1972 Ann. §11-46-9 states:

> (1) **a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim**;
>
>> (c) **arising out of any act or omission of an employee or governmental entity engaged in the performance or execution of duties or activities relating to police** or fire protection unless the employee acted in reckless disregard of the safety and well being of any person not engaged in criminal activity at the time of injury;...

Miss. Code Ann. § 11-46-9(1)(c). (Emphasis added).

A government entity, as well as individual police officers, are generally immune from suit by virtue of the MTCA. Miss. Code Ann. § 11-46-9(1)(c). When an alleged tortious act involves police protection, a governmental entity has two avenues of immunity: (1) if the decedent was engaged in criminal activity, then the governmental entity is immune, and (2) if the decedent was

not engaged in criminal activity, and if the governmental entity's employees did not act with reckless disregard, then the governmental entity is immune. *McCoy v. City of Florence*, 949 So.2d 69 (2002).

For purposes of police protection exemption of the MTCA, which provides immunity regarding police duties unless employee acted in reckless disregard of safety of person not engaged in criminal activity, reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow. *Chapman v. City of Quitman*, 954 So.2d 468 (2007). Reckless disregard, for purposes of immunity under the MTCA for activities relating to police protection, is more than mere negligence, but less than an intentional act. *Estate of Manus v. Webster County, Miss.*, 2014 WL 1285946, Unreported, reversed in part on reconsideration 2014 WL 2207851, opinion clarified 2014 WL 3866577 (N.D. Miss., 2014). Reckless disregard is a higher standard than gross negligence. *Chapman v. City of Quitman*, 954 So.2d 468 (2007).

For purposes of determining whether law enforcement officers acted with reckless disregard for the safety of a person not engaged in criminal activity, so as to be deprived of entitlement to immunity under the MTCA, the determination of the nature of the officers' actions is judged on an objective standard with all the factors that they were confronted with, taking into account the fact that the officers must make split-second decisions. *City of Jackson v. Jackson*, 2016 WL 2860860 (Miss. 2016).

While it is still undetermined whether the decedent Jonathan Sanders was engaged in criminal activity at the time of his death, based on the allegations found in the Complaint, Plaintiff fails to establish reckless disregard on the part of Kevin Herrington, so as to hold the

Town of Stonewall liable for the state law claims under the MTCA. Plaintiff has not sufficiently alleged that Kevin Herrington acted with reckless disregard for the safety of the Mr. Sanders in the Complaint, and thus, the Town of Stonewall has governmental immunity under MTCA for any alleged injuries arising out of the police protection. The Complaint with regard to all the state law claims made by Plaintiff should therefore also be dismissed against the Town of Stonewall, Board of Aldermen, and Stonewall Police Department, as well as Kevin Herrington.

**(b)** **Plaintiff's federal "constitutional law" claims allegedly arising pursuant to 42 U.S.C. § 1983 fail as applied to individual Town of Stonewall Officer Kevin Herrington because of the legal doctrine of qualified immunity.**

The has have sued the Defendants pursuant to 42 U.S.C. § 1983. The two essential elements of a § 1983 claim are: (1) the conduct complained of was committed by a person acting under the color of State law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 US 527 (1980); *Deshaney v. Winnebago County Dept. Of Social Services*, 489 U.S. 1989 (1999). The focus of § 1983 is on the misuse of power, possessed by virtue of state law and made possible only because the wrong doer is clothed with the authority of state law. *Johnson v. Lucas*, 786 F.2d 1254, 1257 (5th Cir. 1986); *Rankin v. City of Wichita Falls, Texas*, 762 F.2d 444, 448 (5th Cir. 1985). Section 1983 provides remedies for Constitutional violations and not ordinary torts. Just because a government official is alleged to have committed a tortious act that violated the constitution, that alone does not make it a constitutional tort. *Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). The actions complained of must be of such a nature to raise the ordinary tort to the level of a constitutional tort. *Love v.*

*King*, 784 F.2d 708, 712 (5th Cir. 1986). Negligence claims are not actionable. *Daniels v. Williams*, 474 US 327, 333 (1986). Remedy for a violation of a duty of care must be sought in state court under traditional tort law principles. *Baker v. McCollon*, 443 US 137, 146 (1979).

Additionally, due to the threat that civil law suits against public officials will interfere with their ability to perform their duties, the Plaintiff can recover only if he is able to overcome the Defendants grant of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). While the statutory language of § 1983 does not expressly provide for an immunity defense, courts have consistently recognized some form of immunity when government officials are sued for damages. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 2732 (1982)). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. The defendant government official must have actually engaged in some violation of the plaintiff's federally protected rights to be held liable: "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Furthermore, "supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). If a defendant violates a federally protected right, the Court must determine whether the defendant's conduct was objectively reasonable measured by the law as it existed at the time of the conduct. *See Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992) ("Even if an

official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable"). In other words, qualified immunity protects public officials, such as the individual Defendants herein, even if the official has violated a clearly established right if the official's conduct was objectively reasonable. *Wilson v. Layne*, 526 U.S. 603, 199 S.Ct. 1692, 1699 (1999). See also *Anderson v. Creighton*, 483 U.S. at 641; *Harlow v. Fitzgerald*, 457 U.S. at 818.

Plaintiff has asserted fourteen (14) causes of action against Defendant; however, only three (3) of those causes of action can arguably be considered "federal 42 U.S.C. § 1983" claims. The § 1983 claims include: "Fourth Amendment - Unlawful Search and Seizure", "Violation of Civil Rights Pursuant to 42 U.S.C. § 1983", and "Excessive Use of Force". The Complaint only contains conclusory allegations and does not allege with particularity (or otherwise) the necessary underlying facts underlying the allegations against the individual Defendant Kevin Herrington. Rather, Plaintiff makes general allegations against all of the Defendants. At times Plaintiff references "Defendant Officer", and at other times Plaintiff references "Defendant Officers." Other times, Herrington is named specifically.

Defendant Kevin Herrington respectfully submits that the Plaintiff has not alleged any violation of clearly established law in the Complaint. Furthermore, the Plaintiff failed to set forth that any of the alleged actions by Kevin Herrington were or should be characterized as less than objectively reasonable. Plaintiff has not pled sufficient facts establishing conduct on the part of Kevin Herrington deprived a person of rights, privileges, or immunities secured by the constitution or laws of the United States. The Plaintiff has not pled sufficient facts to overcome Defendant Kevin Herrington's entitlement to qualified immunity with regard to the federal law

claims asserted. Accordingly, Kevin Herrington is entitled to qualified immunity as to the entirety of Plaintiff's claims made under 42 U.S.C. § 1983.

**(c)     Plaintiff's alleged federal "constitutional law" claims fail as applied to Defendants Stonewall Police Department, Board of Aldermen and the Town of Stonewall (collectively hereinafter "Town of Stonewall") because there is not an allegation or any proof regarding any custom, policy or practice on the part of the Town of Stonewall which existed on July 8, 2015; and furthermore, because Plaintiff failed to plead sufficient facts to allege Officer Kevin Herrington inflicted a constitutional injury on Jonathan Sanders, there exists no basis for liability against the Town of Stonewall, the Board of Aldermen or the Police Department.**

The Plaintiff has also attempted to assert three (3) "federal" causes of action under 42 U.S.C. § 1983 against the Town of Stonewall. **<u>There is no vicarious liability for supervisory personnel such as the Stonewall Police Department or the Board of Alderment under 42 U.S.C. § 1983</u>**. **<u>Furthermore, there is no vicarious liability for the Town of Stonewall in its supervisory role</u>**. All 42 U.S.C. § 1983 claims made in the Complaint against the Town of Stonewall should be dismissed at this juncture.

This was reaffirmed by the Supreme Court in the context of a supervisory liability claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (there is no vicarious liability under § 1983 or *Bivens*; the term "supervisory liability" is a "misnomer"). Regarding liability of Board of Aldermen or Police Department officials, long-established Fifth Circuit precedent requires either personal involvement by an individual defendant in the alleged violation, or the enforcement of some policy or practice resulting in the constitutional deprivation. *Champagne v. Jefferson*

*Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996); *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

The same is true for the Town of Stonewall, here. Stated differently, in a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or was responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989); *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir.1981); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir.1981), cert. denied, 456 U.S. 918 & 919 (1982); *See also Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (dismissing respondeat superior claims against City as mere employer of alleged offending officers (citing *Monell*)); *Williams v. Phillips*, 101 F.3d 700, 1996 WL661315 at *1 (5th Cir. 1996) (*per curiam*) (confirming that a supervisory defendant may not be held liable under § 1983 on a theory of vicarious liability including respondent superior, but that personal involvement is an essential element of a civil rights cause of action).

The Complaint is completely void of any allegation which could possibly give rise to the Town of Stonewall with regard to the three federal 42 U.S.C. § 1983 claims asserted. Local governing bodies (and local officials sued in their official capacities) can only be sued directly under 42 U.S.C. § 1983 for relief in situations where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent an official policy or custom. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff has not alleged any such allegation in the Complaint whatsoever. [*See* ECF No. 1].

Moreover, as stated *supra*, because Plaintiff failed to plead sufficient facts to allege Officer Kevin Herrington inflicted a constitutional injury on Jonathan Sanders, and there exists no basis for liability against the Town of Stonewall, the Board of Aldermen or the Police Department. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Accordingly, all of Plaintiff's federal claims for relief in the Complaint under 42 U.S.C. § 1983 should be dismissed against the Town of Stonewall at this juncture.

## V. CONCLUSION

Based on the foregoing, the Defendants respectfully submit that they are entitled to dismissal as to the entirety of the Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) and the authority and defenses cited herein. The Defendants request such other and further relief as the Court may deem just and proper under the circumstances.

THIS, the 21st day of September, 2016.

Respectfully submitted,

TOWN OF STONEWALL

BY: */s/ James C. "Cory" Griffin*
J. Richard Barry, MSB #2077
James C. "Cory" Griffin, MSB #104566
Barry, Thaggard, May & Bailey, LLP
P. O. Box 2009
Meridian, MS 39302-2009
(601) 693-2393
Attorneys for Town of Stonewall

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Toney A. Baldwin
BALDWIN & BALDWIN, PLLC
P. O. Box 3199
Jackson, MS 39207


This the 21st day of September, 2016.

                   */s/ James C. "Cory" Griffin*