# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW AND
WRONGFUL DEATH BENEFICIARIES
OF JONATHAN SANDERS, DECEASED                                    PLAINTIFFS


VS.                                        CIVIL ACTION NO. 2:16cv101-KS-MTP


KEVIN HERRINGTON, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; CITY OF STONEWALL;
STONEWALL POLICE DEPARTMENT; BOARD OF
ALDERMEN IN THEIR OFFICIAL CAPACITIES;
AND JOHN DOES 1-10                                               DEFENDANTS

---

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs, Kayla Clark, Administratrix and on behalf of all heirs at law and wrongful death beneficiaries of Jonathan Sanders, deceased, through their counsel, move for leave to amend their complaint. As grounds therefore, plaintiffs provide as follows:

The original Complaint, filed on June 30, 2016, alleges that Kevin Herrington, City of Stonewall, Stonewall Police Department, and Board of Aldermen violated the rights of and caused injuries to Jonathan Sanders. Plaintiffs' proposed amendment would clarify their constitutional and state claims by adding more facts. Plaintiffs also seek to add proper parties and their respective capacities. The Court should allow plaintiffs to file their amended complaint because there has not been undue delay, defendants would not be prejudiced, and the amendments would not be futile.

**ARGUMENT**

Rule 15(a) provides that leave to amend shall be freely given when justice requires. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.,* 195 F.3d 765, 770 (5th Cir. 1999)(quotations omitted). The United States Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, the burden is on the opposing party to show that there is reason to deny leave.

**I.      Plaintiffs are entitled to amend their complaint because there has not been undue delay**

Plaintiffs have not unduly delayed in bringing this motion to amend. This case was commenced on June 30, 2016---only three (3) months ago---and no discovery has been conducted. Further, Defendants' Answer and Affirmative Defenses were filed on August 19, 2016---less than two (2) months ago.

Even though the amendment is sought after the Defendants filed their motion to dismiss, this is not enough for denial. In *Dussouy v. Gulf Coast Inv. Corp.*, the Fifth Circuit reversed the district court's denial of leave to amend "proposed after dismissal of the action at the pre-trial conference and one week before the trial date." 660 F.2d 594, 598-99 & n.2 (5th Cir. 1981). Part of its reasoning was because the plaintiff moved to amend "promptly upon the decision of the trial court that held the pleadings defective." *Id.* Defendants cannot demonstrate bad faith or dilatory motive on Plaintiffs' part. To the contrary, Plaintiffs seek to amend their claims to more thoroughly frame the relevant constitutional issues before this Court. Moreover, Plaintiffs have

requested no previous amendments to the pleadings. Even should defendants claim that there was undue delay in plaintiffs' attempt to amend their complaint, any alleged delay has been slight, particularly since this case is still at an early stage in litigation. Therefore, Plaintiffs should be allowed to file their amended complaint.

## II. Plaintiffs are entitled to amend their complaint because Defendants will not be prejudiced

Defendants will not be prejudiced by Plaintiffs' amended complaint. As stated, this case is in its initial stages of litigation and discovery is currently stayed. Adding more facts and proper parties to clarify their constitutional and state claims, does not substantially change the theory on which the case has been proceeding since the amended complaint will continue to allege constitutional violations based on the behavior allege in the original complaint. Thus, the amendment will not hinder the Defendants to prepare for trial.

## CONCLUSION

Pursuant to Rule 15(a), "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)(quotation omitted). For the foregoing reasons, Plaintiffs request that the Court grant it leave to file the attached Amended Complaint. To the extent that Defendants argue that Plaintiffs' claims are precluded because of qualified immunity, Plaintiffs direct the Court to the arguments in their Response in Opposition to Defendants' Motion to Dismiss. To the extent necessary, those arguments are incorporated herein by reference.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court grants them leave to amend the attached Amended Complaint. Also, Plaintiffs request any additional relief that this Court deems that they are justly entitled.

RESPECTFULLY SUBMITTED, this the 11th day of October, 2016.

/s/ Toney A. Baldwin
TONEY A. BALDWIN

## CERTIFICATE OF SERVICE

I, Toney A. Baldwin, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system and served a copy on the following via the ECF system:

> J. Richard Barry, Esq.
> James C. Griffin, Esq.
> Barry, Palmer, Thaggard, May & Bailey
> Post Office Box 2009
> Meridian, Mississippi 39202

SO CERTIFIED, this the 11th day of October, 2016.

/s/ Toney A. Baldwin
TONEY A. BALDWIN

Of Counsel:

TONEY BALDWIN (MSB# 102161)
BALDWIN & BALDWIN, PLLC
748 N. President Street (39202)
Post Office Box 3199
Jackson, Mississippi 39207
Telephone: (601) 960-4533
Facsimile: (601) 960-9097