**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW AND
WRONGFUL DEATH BENEFICIARIES
OF JONATHAN SANDERS, DECEASED                                     PLAINTIFFS

V.                                                CIVIL ACTION NO. 2:16-CV-101-KS-MTP

KEVIN HERRINGTON, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; CITY OF STONEWALL;
STONEWALL POLICE DEPARTMENT; BOARD OF
ALDERMEN IN THE OFFICIAL CAPACITIES;
AND JOHN DOES 1-10                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Leave to File an Amended Complaint ("Motion to Amend") [23] filed by Plaintiff Kayla Clark, and the Motion to Dismiss Based on Qualified Immunity ("Motion to Dismiss") [14] and Motion to Require Specific Reply to Qualified Immunity Defenses and to Continue Automatic Stay on Discovery ("Motion for Reply") [17] filed by Defendants Kevin Herrington, City of Stonewall, Stonewall Police Department, and Board of Aldermen. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Amend [23] is well taken and should be granted. The Court further finds that the Motion to Dismiss [14] and Motion for Reply [17] should be denied as moot.

**I.  BACKGROUND**

Plaintiff Kayla Clark ("Plaintiff"), Administratrix and on behalf of all Heirs at Law and Wrongful Death Beneficiaries of Jonathan Sanders, Deceased, filed this action on June 30, 2016, against Defendants Kevin Herrington ("Herrington"), City of Stonewall (the "City"), Stonewall Police Department (the "Department"), and Board of Aldermen (collectively "Defendants").

Plaintiff brings claims under 42 U.S.C. § 1983, as well as multiple state law claims, centered around the death of Jonathan Sanders ("Sanders").

Plaintiff alleges that on the night of July 8, 2015, Sanders was lawfully riding a horse-drawn buggy when he was stopped by Herrington, who was working as a police officer for the Department. At some point during the encounter, Herrington placed Sanders in a chokehold. Plaintiff alleges that Sanders died as a result of this chokehold.

Defendants filed their Motion to Dismiss [14] on September 14, 2016, and on September 26, 2016, the Court entered an Order [16] staying discovery until a ruling on this motion was made. On September 27, 2016, Defendants filed their Motion for Reply [17]. Plaintiff filed their Response [24] to Defendants' Motion to Dismiss [14] on October 11, 2016, and at the same time filed their separate Motion to Amend [23].

The Court has duly considered all the submissions of the parties and is now ready to rule.

## II.  MOTION TO AMEND [23]

### A.    Standard of Review

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial [of a motion to amend]." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)) (internal quotations omitted). Defendants argue that Plaintiff should not be granted leave because of her bad faith and dilatory actions, and because it would unduly prejudice them.

Defendants contend that Plaintiff is amending in bad faith and with dilatory motives by adding additional facts to her complaint after they have filed a motion to dismiss based on her original complaint. They claim that any facts added in the Proposed Amended Complaint [23-1] were either known to Plaintiff previously or were gained through a violation of the stay on discovery.[1] If they were known to Plaintiff, Defendants argue, then she should be estopped from adding them in an amended pleading in order to defeat their motion for dismissal. The Court does not find that the adding of additional, known facts to an amended pleading constitutes bad faith or dilatory actions.

When faced with a motion to dismiss based on a failure to state a claim, the Court ordinarily does not dismiss a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)). If the Court were to take Defendants' understanding of what constituted bad faith or dilatory actions, it would never grant leave to amend in such situations. For the Court to find bad faith or dilatory actions on the part of Plaintiff, it needs more than the fact that she has added additional facts in her Proposed Amended Complaint [23-1].

Defendants also argue that Plaintiff should not be allowed to amend as they may be subjected to potential prejudice on the merits of their claims and defenses. They do not, however, expound on why this prejudice would be *undue prejudice* as required for the Court to deny leave to amend. Leave to amend, then, will not be denied on this basis.

---

[1] Plaintiff has represented to the Court that no discovery has been done other than the issuance of the subpoenas, which were issued prior to the stay of discovery.

Furthermore, Defendants appear to concede that the proposed amendments would cure the deficiencies in Plaintiff's original complaint, which they pointed out in their Motion to Dismiss [14].[2] Had Plaintiff asked for leave to amend in her response to Defendants' motion in lieu of dismissal, the Court would have granted this leave even if Defendants' motion was found to have merit, as the proposed amendments cured the alleged deficiencies in her original complaint. *See Hart*, 199 F.3d at 247 n.6 (citing *O'Brien*, 936 F.2d at 675-76). The Court does not see why the outcome should be different simply because Plaintiff chose to file a separate Motion to Amend [23].

Therefore, the Court finds that the Motion to Amend [23] is well taken and should be **granted**.

### III.  OTHER PENDING MOTIONS

Because the Court has granted Plaintiff's Motion to Amend [23] and because Defendants have not argued that dismissal is warranted under the new facts alleged by Plaintiff in her Proposed Amended Complaint [23-1],[3] the Court will **deny** Defendants' Motion to Dismiss [14] as moot. Furthermore, as the original complaint is to be amended, Defendants' Motion for Reply [17] will also be **denied** as moot. Defendants may renew either motion if they believe in good faith that it has merit after Plaintiff has filed her amended complaint.

### IV.  CONCLUSION

---

[2]The Court assumes Defendants have conceded this point as they do not argue that the amendments would be futile.

[3]In their Reply [28], Defendants explicitly refused to address Plaintiff's Proposed Amended Complaint [23-1].  (*See* Memo. in Reply [29] at p. 4.)

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Amend [23] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [14] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion for Reply [17] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 25th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE