IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW AND
WRONGFUL DEATH BENEFICIARIES
OF JONATHAN SANDERS, DECEASED                                    PLAINTIFFS

V.                                            CIVIL ACTION NO. **2:16-CV-101-KS-MTP**

KEVIN HERRINGTON, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; CITY OF STONEWALL,
MISSISSIPPI; ALDERMAN RICKY CARPENTER,
JERRY RICH, FERRY H. ADAMS, FRED A. FREY,
JR., AND STACY ARTIGUE, ALL IN THEIR
INDIVIDUAL CAPACITIES, MAYOR GLENN A.
COOK, IN HIS INDIVIDUAL CAPACITY, AND
POLICE CHIEF MICHAEL S. STREET, IN HIS
INDIVIDUAL CAPACITY  AND JOHN DOES 1-10
                                                                  DEFENDANTS

## PLAINTIFFS' AMENDED COMPLAINT
### (TRIAL BY JURY REQUESTED)

COMES NOW the Plaintiffs, Kayla Clark, Administratrix and on behalf of all heirs at law and wrongful death beneficiaries of Jonathan Sanders, deceased, and files this Amended Complaint against the Defendants Kevin Herrington, in his official and personal capacities; City of Stonewall; Aldermen Ricky Carpenter, Jerry Rich, Ferry H. Adams, Fred A. Frey, Jr., and Stacy Artigue, all in their individual capacities, Mayor Glenn A. Cook in his individual capacity, Police Chief Michael S. Street in his individual capacity; and John Does 1-10.  In support thereof, Plaintiffs would respectfully show unto the Court the following, to-wit:

### I. PARTIES

1.     Plaintiff Kayla Clark is an adult resident citizen of Clarke County, Mississippi who resides at 2045 County Road 360, Enterprise, MS 39330.  Plaintiff Kayla Clark brings this suit in

the capacity as Administratrix and in a representative capacity on behalf of all heirs at law and wrongful death beneficiaries of Jonathan Sanders, deceased.

2. Defendant Kevin Herrington, in his official and personal capacities, upon information and belief is a resident of the State of Mississippi and is/was a police officer in the city of Stonewall, Mississippi. Upon information and belief Defendant Kevin Herrington may be served with process at his place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

3. Defendant City of Stonewall is a municipality and may be served with process through Glen Cook, the Mayor in the City of Stonewall, Mississippi. Upon information and belief Defendant Glen Cook may be served with process at his place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

4. Defendant Glenn A. Cook, Mayor of Stonewall, Mississippi, may be served at his place of employment located at 801 Erwin Rd., Stonewall, MS 39363.

5. Defendant Aldermen Ricky Carpenter, Jerry Rich, Ferry H. Adams, Fred A. Frey, Jr., and Stacy Artigue, all in their individual capacities, may be served at their place of employment located at 801 Erwin Rd., Stonewall, MS 39363.

6. Defendant Michael Street, the Chief of Police, may be served at his place of employment located 801 Erwin Road, Stonewall, Mississippi 39363.

7. Defendants John Does 1-10 are person and/or entities whose identities are currently unknown to Plaintiff. These persons and/or entities include, but are not limited to, any and all persons who are liable to Plaintiff for the actions and/or inactions complained of herein.

## II. JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343; 28 U.S.C. § 1331; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. 2000e, and et seq. Additionally,

this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiffs as herein stated. This court has jurisdiction over both parties and the subject matter of this suit.

### III. VENUE

9.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

### IV. NOTICE OF CLAIMS

10. In correspondence dated October 23, 2015 Plaintiffs, by and through counsel caused to be filed and delivered by certified U.S. mail to Board of Aldermen., Attn: Legal Department, 801 Erwin Road Stonewall, Mississippi 39363; City of Stonewall, Mississippi, Attn: Glen Cook, The Mayor of Stonewall, Mississippi, 801 Erwin Road Stonewall, Mississippi 39363; Stonewall Police Department, Attn: Michael Street Chief of Police, 801 Erwin Road Stonewall, Mississippi 39363. A Notice of Claim letter regarding the act(s) and/or omission(s) set forth herein. 42 U.S.C. § 1983, 42 U.S.C. § 1985, Miss Code Ann. § 11-46-11 and any and all applicable state or federal common law cause(s) of action. A copy of this letter and certified returns of service is incorporate herein by referenced and attached as "Exhibit A." To date, no one has responded in writing. Plaintiff submits that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

### V. FACTS

11. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

12. At all pertinent time, Jonathan Sander was a United State Citizens.

13.     On or about July 8, 2015, Jonathan Sanders was lawfully riding in a buggy drawn by a horse.

14.     A friend of Sanders, David Brister, passed him in a truck, stopped in the middle of the road, and spoke. Sanders told Brister to not stop in the middle of the street to talk. To do so would have been a traffic violation as well as unsafe in the dark.

15.     Defendant Kevin Herrington was parked in the dark in a City of Stonewall police car with his wife also in the car. He was on patrol late at night, unsupervised. He had not yet attended the Law Enforcement Training Academy's basic police officer training course, despite having acted as a police officer for some period of time.

16.     Herrington witnessed Brister speaking to Sanders. Herrington believed that Brister had had warrants for unpaid fines at some point in the past. Herrington then followed Brister and pulled him over in the parking lot of a gas station.

17.     Herrington learned from Brister that the fines had been paid and there were no more warrants for him. Herrington decided to not write Brister a ticket despite witnessing him committing a traffic violation. Herrington then questioned Brister about what Sanders was doing and what they talked about. Herrington claims that Brister told him that Sanders wanted to sell him drugs. This is completely false, and was part of the story made up after the fact to justify Herrington stopping Sanders.

18.     Herrington then drove around Stonewall until he found Sanders, demanded that he pullover, and followed him as he pulled into a relative's yard.

19.     Herrington had no reason to stop Sanders, whom he knew.

20. Herrington, either with his police lights, or approaching Sanders, startled Sanders horse. When Sanders went to control his horse, Herrington grabbed Sanders from behind and ended up wrestling him to the ground.

21. Herrington later claimed that Sanders tried to get his gun, and that he had managed to get it out of Herrington's holster. This is completely false.

22. Sanders did not resist or try to fight Herrington, other than try to breathe and not choke to death.

23. Herrington, who apparently claims to know some martial art, held Sanders in a choke hold until long after he quit moving, breathing or was otherwise responsive.

24. A relative of Sanders who lived in the house where this attack took place, Rachel Williams, came out of the house and witnessed Herrington holding Sanders on the ground in a choke hold. Williams could see that Sanders was not responsive and wasn't breathing. She began telling Herrington that he wasn't breathing and begged Herrington to let Sanders up to breathe.

25. At some point while Herrington was strangling Sanders, he asked his wife to remove his pistol. Williams, who was employed by the Sheriff's office, offered to help, but Herrington said no. Herrington's wife, who was terrified, was unable to remove his pistol from his holster, so Williams had to tell her how to pull the pistol out of her husband's holster.

26. Herrington refused to release the choke hold for a number of minutes, but kept strangling Sanders long after he had quit breathing or moving in any fashion. Williams kept pleading with Herrington to allow her to do CPR on Sanders.

27. Even after Herrington released Sanders, he refused to allow Williams to do CPR on Sanders, even though it was obvious that Sanders was not breathing.

28. Once Herrington released Sanders, he handcuffed Sanders' comatose body and left him lying there without allowing the pleading Williams to do CPR.

29. Herrington told his wife to use the radio to call for help, which she did not know how to do. Williams had to help her give directions to the location.

30. Two other officers, including Stonewall police officer Derrick Thomas, arrived before the ambulance. Both were aware that Sanders was not breathing, and became aware that he had no pulse, but took no action to try to revive Sanders. Still Williams was not allowed to administer CPR.

31. Before the ambulance arrived, Herrington told the other responding officers that he thought he had "put [Sanders] to sleep." Apparently, Herrington had intentionally been trying to choke Sanders into unconsciousness even though Sanders was doing nothing but trying to breathe.

32. Herrington clearly lost control and became irrational. This is easily understandable in light of his lack of training provided by the city of Stonewall, Mississippi. This may have been exacerbated by the fact that his wife was present and even participating at his request.

33. By the time the ambulance arrived many minutes later, Sanders was long dead and CPR administered by the EMT was fruitless.

34. Sanders did not pose any threat to Herrington, either before Herrington became violent, during the assault, after he stopped breathing and moving, or once he was handcuffed while not conscious or breathing.

35. Herrington later claimed that he had patted Sanders down and found a baggie of a white powdery substance. This was false.

36. Even if it were not false, Herrington had no reason to stop Sanders.

37. For arguendo, even if it were true, this did not give Herrington the right to strangle Sanders to death and then prevent him from receiving medical attention.

38. Herrington had not been properly trained, and has only recently attended the police academy.

39. Herrington was deliberately indifferent to Sanders rights to not be stopped and searched without a reason.

40. Herrington was also deliberately indifferent to Sanders rights to be free from the use of excessive force, or any force at all in this situation.

41. Further, the fact that Herrington continued to choke Sanders long after he had stopped breathing, moving or otherwise responding, and then refused to allow anyone to administer CPR for a long period of time demonstrates a deliberate indifference to whether Sanders lived or died.

42. At the time of his death, Mr. Sanders was only thirty nine (39) years old.

43. At all times, Kevin Herrington was acting in his capacity as a police officer for the town of Stonewall Mississippi.

44. The Aldermen, Mayor, and Police Chief of Stonewall Mississippi were all aware that Herrington was untrained and that he had been given a city vehicle, a city weapon, a uniform and badge, and then placed on duty by himself at night without supervision. The decision and knowledge of these policymakers for the city of Stonewall to allow this to happen constituted a policy and practice on the part of the city. This practice directly resulted in the death of Mr. Sanders.

45. By their actions, the Aldermen, Mayor, and Police Chief of Stonewall, Mississippi exhibited reckless disregard for the rights and safety of its citizens in general, and Mr. Sanders in particular.

46. The fact that Sanders felt free to take his wife on patrol with him, an act which obviously creates inherent dangers for the officer and others, demonstrates a lack of proper training and supervision.

47. The fact that neither Herrington or another Stonewall officer carried out emergency CPR, or even allowed it to be done, demonstrates a serious lack of training regarding when and how to respond to easily foreseeable medical emergencies.

48. The City of Stonewall has a practice of allowing untrained officers to patrol its streets. The city and the individual defendants are aware of officers violating city policies and constitutional standards without proper oversight or discipline. Such practices put the public in easily foreseeable danger.

49. At all times, the defendants acted under the color of law.

## VI. FOURTH AMENDMENT-UNLAWFUL SEARCH AND SEIZURE, AND UNREASONABLE DENIAL OF MEDICAL TREATMENT

50. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

51. Herrington, exercising his position of authority and acting under the color of state law in his capacity as a public official and/or representative of the City of Stonewall, conducted a search and/or seizure when he stopped, detained and searched (if he even did so) Jonathan Sanders and proceeded to physically assault him.

52. Herrington, exercising his authority and acting under the color of state law in his capacity as a public official and representative of the City of Stonewall, unlawfully subjected Jonathan Sanders to unconstitutional acts by Officer Kevin Herrington when:

    (a.) when he violently threw Jonathan Sanders down on the ground;

(b.) applied a choke hold as Jonathan Sanders was on the ground hindering his ability to breathe causing him lose consciousness and eventually died;

(c.) in refusing to give or allow another to give Sanders CPR or other reasonable medical attention until it was far too late.

53. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## VII. VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

54. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

55. In committing the acts complained of herein, Defendants acted under color of law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to:

(a.) the right to be free from unreasonable searches and seizures;

(b.) the right not to be deprived of life without due process of law;

(c.) the right not to be deprived of liberty without due process of law;

(d.) the right to be free from excessive force; and

(e.) the right to reasonable medical treatment.

56. The facts pled above demonstrate a violation of the plaintiffs' procedural and substantive due process rights.

57. The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

58.    The actions of Herrington shock the conscience and were objectively unreasonable in light of the totality of circumstances.

59.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

### VIII.    UNCONSTITUTIONAL FAILURE TO TRAIN AND SUPERVISE

60.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

61.    The City of Stonewall, Mississippi, the Aldermen, Mayor and Chief of Police all in their individual capacity had a duty to adequately train, supervise, and evaluate Defendant Kevin Herrington, or to see that it was done.

62.    These Defendants were deliberately indifferent to the rights of the public in general, and to Jonathan Sanders in particular by failing to attend to these duties. The harm caused by this failure was easily foreseeable.

63.    These Defendants deliberate indifference make them liable for the actions of Kevin Herrington's blatant disregard for the plaintiffs' constitutional rights.

64.    Defendants breached their duties when they failed to adequately train, supervise and/or evaluate Defendant Kevin Herrington in the areas of use of excessive force, search and seizure, arrest procedure, and recognizing the need for, and the ability to provide, minimal emergency medical care, which were the direct cause of the injuries and death to Jonathan Sanders.

64. It was foreseeable that the failures to adequately train, supervise, evaluate and discipline Kevin Herrington, who exhibited blatant and deliberate disregard for constitutional rights of Mississippi citizens would cause injury or death to those citizens.

65. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983 and/or Mississippi Tort Claim Act, along with attorneys' fees and costs pursuant to U.S.C. § 1988 and any other relief afforded under the law.

## IX. **DELIBERATE INDIFFERENCE**

66. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

67. Defendant City of Stonewall, Defendant Stonewall Police Department, and other Defendants have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of its officers that has resulted in a reputation of excessive use of force and violent behavior in the community causing citizens to be fearful for their safety and well-being.

68. Through their acts and omissions they are engaging in a pattern of practice of systemic deficiencies that has resulted in excessive force by Stonewall police officers depriving citizens of rights, privileges, and immunities secured or protected by the U.S. Constitution, the laws of the United States and the Mississippi Constitution.

69. These systemic deficiencies include, but are not limited to:

(a.) failing to implement policies, procedures and practices regarding use of force that appropriately guide and monitor the actions of Stonewall Police Officers;

(b.) failing to train Stonewall Police officers adequately to prevent the occurrence of misconduct;

(c.) failing to supervise Stonewall Police Officers adequately to prevent the occurrence of misconduct;

(d.) failing to give adequate emergency medical training to Stonewall Police Officers;

(e.) failing to adequately investigate incidences of use of excessive force by Stonewall Police Officers;

(f.) failing to adequately discipline officers who engage in misconduct; and/or

(g.) failing to maintain proper arrest procedures regarding Citizens.

70. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## X. ASSAULT AND BATTERY

71. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

72. Herrington's unprovoked assault on Sanders constituted battery. As an intentional tort, this is outside of the scope of the Mississippi tort claims act, and Herrington is not protected from liability.

73. Defendant Officer Kevin Herrington physically assaulted Jonathan Sanders by intentionally and unlawfully offering to touch him by grabbing Mr. Sanders and choking him until he lost consciousness and eventually died.

74. The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## XI. NEGLIGENCE

75. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

76. At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law or agents of the City of Stonewall, Mississippi. Specifically, under state law, Kevin Herrington possessed the duty to keep Jonathan Sanders and others reasonably safe, to avoid reasonable harm to Mr. Sanders, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. He breached their duty of care by not keeping Mr. Sanders reasonably safe.

77. Further, Herrington possessed a duty of reasonable and/or ordinary care while a person is in his custody and care.

78. Specifically, Herrington owed a duty to the people entrusted to his custody and care to maintain their safety, health and well-being, both physical and psychological.

79. Whether or not Herrington's acts were intentional or negligent or somewhere in between, the Aldermen, Mayor, and Chief of Police, all in their individual capacity, acted negligently under state law in their failure to either train and supervise Herrington or to see that it was done.

80. The duty owed by all Defendants to the Plaintiffs to use reasonable and/or ordinary care while a person is in their custody and care, included but was not limited to the following affirmative duties:

    (a.) to protect and safeguard citizen from assault, attacks and batteries caused by officers, employees, or agents to make reasonable efforts to keep citizens safe;

    (b.) to avoid actively harming citizens;

    (c.) to prevent injustice and abuse;

(d.) to obey the laws of the State of Mississippi and the United States of America; and

(e.) to implement adequate and appropriate policies and procedures to prevent abusive and illegal practices.

81. Defendants breached said duties by the following:

(a.) failure to protect and safeguard citizen from assault, attacks and batteries caused by officers, employees, or agents to make reasonable efforts to keep citizens safe;

(b.) failure to avoid actively harming citizens;

(c.) failure to prevent injustice and abuse;

(d.) failure to obey the laws of the State of Mississippi and the United States of America; and

(e.) failure to implement adequate and appropriate policies and procedures to prevent abusive and illegal practices.

82. As a direct and proximate result of the said breaches of the Defendants, Plaintiffs have suffered actual and compensatory damages. Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983and/or Mississippi Tort Claim Act, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

83. The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

84. The Plaintiffs do not make claims sounding in negligence against the Defendants in their individual capacities. The City is liable for their negligence pursuant to the terms of the Mississippi tort claims act.

## XII. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

86. The act(s) and/or omission(s) of the Defendants on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

87. The negligent conduct perpetrated upon Jonathan Sanders was awful, traumatic, and disturbing events, which caused the Plaintiffs to suffer serious emotional anguish.

88. The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

89. The Plaintiffs do not make claims sounding in negligence against the Defendants in their individual capacities. The city is liable for their negligent pursuant to the terms of the Mississippi Tort Claims Act.

## XIII. WRONGFUL DEATH

90. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

91. Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Mr. Sanders' death was caused by the tortious acts by the Defendants. Therefore, Mr. Sanders' estate should be able to maintain an action and recover damages from the City of Stonewall because of the negligent actions of the defendants, pursuant to the Mississippi tort claims act.

# XIV. **DAMAGES**

92. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

93. Wherefore the Plaintiff Kayla Clark, Administratrix and on behalf of the heirs at law and wrongful death beneficiaries of Jonathan Sanders, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Jonathan Sanders, prays for judgment against Defendants, as follows:

(a.) For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained, including, but not limited to, the emotional damages of all plaintiffs, physical pain and suffering, loss of society and companionship, loss of income and projected financial income and value of Sanders life, all costs and expenses of the plaintiffs related to their lost income, funeral expenses and other monetary losses, all damages to which they may be entitled to recover under Mississippi's wrongful death statute, and any other damages or types of damages to which they are entitled to recover under the fax and law of this case.

(b.) For all general and special damages caused by the alleged conduct of Defendants;

(c.) For the costs of litigating this case;

(d.) For punitive damages for violation of federal constitutional rights against all of the Defendants in their individual capacities sufficient to punish for their egregious conduct and to deter the use Defendants and others from ever repeating such atrocities; and

(e.) For all other relief to which Plaintiff asserts are entitled by Mississippi and federal law.

(f.) Plaintiffs reserve the right to amend and state further with respect to their damages.

## XV. RIGHT TO AMEND PURSUANT TO MISS. AND FEDERAL R. CIV. P. 15

94. Pursuant to Rule 15 of the Mississippi and Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional Defendants should later facts establish that others are liable herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This the 28th day of October, 2016.

Respectfully submitted,

**KAYLA CLARK, ADMINISTRATRIX AND ON BEHALF OF ALL HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF JONATHAN SANDERS, DECEASED**

By: /s/ *Toney A. Baldwin*
Toney A. Baldwin, Esq.

Of Counsel:

TONEY A. BALDWIN (MSB# 102161)
BALDWIN & BALDWIN, PLLC
748 N. President Street (39202)
Post Office Box 3199
Jackson, Mississippi 39207
Telephone: (601) 960-4533
Facsimile: (601) 960-9097

# CERTIFICATE OF SERVICE

I, Toney A. Baldwin, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system; further I have served a copy on the following:

>J. Richard Barry, Esq.
>James C. Griffin, Esq.
>Barry, Palmer, Thaggard, May & Bailey
>Post Office Box 2009
>Meridian, Mississippi 39202

SO CERTIFIED, this the 28th day of October, 2016.

/s/ <i>Toney A. Baldwin</i><br>TONEY A. BALDWIN

Of Counsel:

TONEY BALDWIN (MSB# 102161)
BALDWIN & BALDWIN, PLLC
748 N. President Street (39202)
Post Office Box 3199
Jackson, Mississippi  39207
Telephone: (601) 960-4533
Facsimile: (601) 960-9097