**BALDWIN & BALDWIN**

JACKSON, MS 39202
PH (601) 960-4533
FAX (601) 960-0097

October 23, 2015

**VIA CERTIFIED MAIL**
Glen Cook
Mayor of Stonewall, MS
801 Erwin Road
Stonewall, Mississippi 39363

**VIA CERTIFIED MAIL**
Stonewall, MS Chief of Police
Attn: Michael Street
801 Erwin Road
Stonewall, Mississippi 39363

**VIA CERTIFIED MAIL**
Board of Aldermen
Attn: Legal Department
801 Erwin Road
Stonewall, Mississippi 39363

   Re: **Notice of Claim**
     **MR. JONATHAN SANDERS, DECEASED**

Dear Sirs and Madams:

Scope of Representation

   This letter is to serve as a notice of claim for injuries resulting from the tortuous conduct of a government entity or its employee as provided for in § 11-46-11 Miss. Code Ann (1972), as amended.

This letter will serve as official notice of a civil claim against the City of Stonewall, MS, Chief of Police of Stonewall, MS, Board of Alderman and John Does 1-19 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) pursuant to all applicable statutes, including but not limited to Miss. Code Ann. § 11-46-11, 42. U.S.C. § 1983; 42 U.S.C. § 1985, and any and all other applicable state or federal statute(s) or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. The aforementioned individuals and/or entities as well as unknown employees of the aforementioned facilities are known to be involved with the incident described herein.

Our firm has been retained by Kayla Clark, the Administratrix of the decedent, the mother and guardian of Jaice Clark (minor child of the decedent) and Charita Kennedy, the mother and guardian of Jakenzie Sanders (minor child of the decedent).

### The Time and Place the Injury Occurred

This representation arises from an incident (or multiple incidents) which occurred on or about July 8, 2015 off Artesia Avenue, Stonewall, MS 39363. Upon information and belief, the events which caused and/or contributed to the death of Mr. Jonathan Sanders on or about July 8, 2015. Claimants reserve the right to supplement an additional location and further information as it becomes available.

### Residence of the Person Making the Claim at the Time of the Injury

At the time of this injury, Kayla Clark, the Administratrix of the decedent, the mother and guardian of Jaice Clark (minor son of the decedent), maintained a permanent residence at 2045 County Road 360; Enterprise, Mississippi 39330.

At the time of this injury, Charita Kennedy, the mother and guardian of Jakenzie Sanders (minor daughter of the decedent), maintained a permanent residence at 7455 Lizelia Road Apartment A2, Marion, Mississippi 39342.

### Residence of the Claimant at the time of the Filing of this Notice

At the filing of this notice, Kayla Clark, the Administratrix of the decedent, the mother and guardian of Jaice Clark (minor son of the decedent), maintained a permanent residence at 2045 County Road 360; Enterprise, Mississippi 39330.

At the filing of this notice, Charita Kennedy, the mother and guardian of Jakenzie Sanders (minor daughter of the decedent), maintained a permanent residence at 7455 Lizelia Road Apartment A2, Marion, Mississippi 39342.

### The Circumstances Which Brought About the Injury
### The Extent of the Injury
### The Names of All Persons Known to Be Involved

On or about July 8, 2015, Jonathan Sanders was lawfully riding in a buggy drawn by a horse. Officer Kevin Herrington followed Mr. Sanders. Without probable cause, Kevin Herrington turned on his patrol lights in his car to stop Mr. Sanders. The police lights startled the horse causing the horse to rear up and toss Mr. Sanders from the buggy. Officer Herrington grabbed Mr. Sanders and applied a chokehold on Mr. Sanders for several minutes (20 to 30). Kasey Herrington, the wife of Kevin Herrington, was instructed to grab the officer's gun.

Kevin Herrington malevolent refused to stop strangling Mr. Sanders. Kevin Herrington maliciously prevented Mr. Sanders from getting any medical attention. At the time of his death, Mr. Sanders was only thirty nine (39) years old.

Claimants are prepared to show by a preponderance of the evidence that the death of Mr. Jonathan Sanders was caused and/or contributed to the act(s) and/or omission(s) of Kevin Herrington and third parties. Additionally, claimants are prepared to show by a preponderance of the evidence that is it scientifically and forensically impossible for Mr. Sanders' death to have been brought about by any self-inflicted events. Upon information and belief, this trauma and bruising observed on the body of Mr. Sanders occurred in whole or in part as the result of (i) Kevin Herrington, police officer assault; or (ii) lack of proper training. In either case, the employees and agents of City of Stonewall, MS; Chief of Police of Stonewall, MS; the Board of Alderman; and John Does 1-19 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) had affirmative duties to protect and safeguard Mr. Jonathan Sanders from assault, attacks and batteries caused by Kevin Herrington, employees, agents or others.

The act(s) and/or omission(s) of Kevin Herrington; the City of Stonewall, MS; the Chief of Police of Stonewall, MS; the Board of Alderman and John Does 1-19 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) caused and/or contributed to the death of Jonathan Sanders. The emotional and psychological trauma caused by the death of Mr. Sanders directly and proximately affects all of his heirs at law and wrongful death beneficiaries. Claimants are prepared to show by the appropriate standard of proof that Kevin Herrington; the City of Stonewall, MS; the Chief of Police of Stonewall, MS; the Board of Alderman; and John Does 1-19 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) breached the standard of care owed to Jonathan Sanders. As a result of these act(s) and/or omission(s), the heirs at law and wrongful death beneficiaries of Jonathan Sanders seek to recover damages for his sustained conscience pain and suffering; loss of earning capacity; loss of enjoyment of life; emotional distress, past and future medical expenses, embarrassment, and economic as well as other non-economic damages.

<u>Types of Claims Likely to Be Made</u>
<u>Amount of Money Damages Sought</u>

Claimant intends to assert the following state law claims: (i) negligence, (ii) gross negligence, (iii) negligent infliction of emotional distress, (iv) intentional infliction of emotional distress, (v) reckless disregard for the rights and safety of others; (vi) civil battery, (vii) civil assault; (viii) *res ipsa laquitur* liability; (ix) *negligence per se*; (x) wrongful death; (xi) economic damages; (xii) non-economic damages; (xiii) punitive damages; and (xiv) other claims and/or damages which may be demonstrated by the proof against all defendants not afforded protection under the Mississippi Tort Claims

Act. Claimant further intends to assert U.S.C. § 1983; 42 U.S.C. § 1985, and any and all other applicable state or federal statute(s) or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. Claimants seek money damages in the amount of $9,000,000.00 for medical expenses, pain and suffering, wrongful death and any additional damages claimants may be entitled to by law or that a court of competent jurisdiction may deem appropriate under these circumstances.

Please refer all correspondence or communication to my office relating to this claim (*See Decree Approving Petition To Employ Attorney and Approval Of Contingency Contract*). Should you need additional information, please contact my office.

Respectfully,

By: _____
Toney Baldwin, Esq.

TAB/