UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAYLA CLARK, ADMINISTRATRIX AND
ON BEHALF OF ALL HEIRS AT LAW
AND WRONGFUL DEATH
BENEFICIARIES OF JONATHAN
SANDERS, DECEASED                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 2:16-CV-101-KS-MTP

KEVIN HERRINGTON, ET AL.                                           DEFENDANTS
                                       and
RACHEL WILLIAMS ET AL.                                             PLAINTIFFS

V.                                          CIVIL ACTION NO. 2:16-CV-168-KS-MTP

KEVIN HERRINGTON, ET AL.                                           DEFENDANTS


ORDER CONSOLIDATING CASES FOR DISCOVERY PURPOSES

THIS MATTER is before the Court *sua sponte* for case management purposes.  Pursuant

to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions involving common

questions of law or fact, especially when doing so will avoid unnecessary costs or delay or will

eliminate unnecessary repetition or confusion. *Miller v. United States Postal Serv.*, 729 F.2d

1033, 1063 (5th Cir. 1984); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989).

"A trial court has broad discretion in determining whether to consolidate a case pending before

it." *Mills*, 886 F.2d at 762.

It appearing that these cases involved the same set of facts and circumstances, the Court

issued show cause orders in both cases directing the parties to address why the cases should not

be consolidated in whole or in part. The primary objection to consolidation was parties in both

cases wished to have qualified immunity motions determined in *Williams v. Herrington*

2:16CV168-KS-MTP before the court considered consolidation.

1

Defendants filed their Motion to Dismiss [15] in *Williams* which encompassed their immunity arguments. However, that motion was denied as moot after Plaintiffs filed an amended complaint. *See* Order [23]. All parties in their responses to the show cause orders indicated that consolidation of the cases for the purposes of discovery would be appropriate after the immunity issues were considered, and no immunity motions are before the Court.

These cases involve common questions of law and fact, and the Court finds that consolidation of these cases for discovery purposes will promote cost and time savings for the parties and the Court, as well as serve the interests of judicial economy.

IT IS, THEREFORE, ORDERED that:

1.  These cases are hereby consolidated for discovery purposes only.

2.  Any discovery taken in these cases may be used in the other case.

3.  A joint Case Management Conference for these cases will be set be separate order.

SO ORDERED this the 19th day of July, 2017.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE